# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 98-41378

---

GILBERT ADAME, JR.; ET AL,

Plaintiffs,

GILBERT ADAME, JR.; GILBERTO
ADAME, SR.; JESSIE ADAME; JOE Z.
ADAME; REYNALDO FLORES; ERASMO
GARZA; ANTONIO MARTINEZ; ARTURO
MARTINEZ; JERRY MARTINEZ; TONY H.
MARTINEZ; ALFONSO SANCHEZ, JR.;
ERNEST VELA,

Plaintiffs-Appellees,

and

LUANN NELSON,

Plaintiff-Appellant,

and

JOE ADAME, JR.,

Intervenor-Plaintiff-Appellant,

and

JOSE L. GONZALEZ,

Intervenor-Plaintiff-Appellee

versus

KOCH PIPELINE CO., LLP, ET AL;

Defendants,

SUN PIPE LINE COMPANY,

Defendant-Appellant-Appellee.

Appeals from the United States District Court
for the Southern District of Texas

(C-96-CV-516)

October 24, 2000

Before POLITZ, JOLLY, and BARKSDALE, Circuit Judges

POLITZ, Circuit Judge:[*]

Sun Pipe Line Company appeals an adverse judgment on jury verdict in this toxic tort action. Luann Nelson Rosalis and Joe S. Adame, Jr. appeal an adverse judgment based on the statute of limitations. For the reasons assigned, we affirm.

## BACKGROUND

Each of the fifteen plaintiffs worked for Ruiz Lease Services Company between 1985 and 1990. Some regularly worked full-time, others worked part-time or full-time on a sporadic basis. All of the claimants maintain that they were forced to clean fuel storage tanks at Sun's Ingleside facility, doing so under extremely dangerous conditions. In 1996, the plaintiffs sued Sun, alleging that Sun negligently exposed them to benzene and toluene, causing blood changes which rendered them susceptible to leukemia and other blood diseases. They also claimed cerebral and central nervous

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

system impairments.

The case was tried to a jury which found that the claims of Rosalis and Adame were barred by the statute of limitations because the action was filed more than two years after the accrual of their claims. The jury returned a verdict in favor of the other plaintiffs and awarded damages for past physical pain, mental anguish, physical impairment, and fear of cancer. The jury also awarded these plaintiffs punitive damages. Denying Sun' s Motion for Judgment as a Matter of Law and Rosalis' and Adame's Motion for a New Trial, the trial court entered a final judgment consistent with the verdict. Sun, Rosalis, and Adame timely appealed those denials, and Sun also raises a question about the admission of certain expert testimony.

## ANALYSIS

A motion for judgment as a matter of law in an action tried by a jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict.[1] We review the denial of such motions *de novo*,[2] applying the same standard as that used by the district court and honoring the verdict unless the record is devoid of a legally sufficient evidentiary basis upon which a reasonable jury could find as the challenged jury did.[3] Where jurisdiction is founded upon diversity of citizenship of the parties, we, of course, apply state law.[4]

---

[1] Harrington v. Harris, 118 F.3d 359 (5th Cir. 1997).

[2] Threlkeld v. Total Petroleum, Inc., 211 F.3d 887 (5th Cir. 2000).

[3] Harrington, 118 F.3d at 367.

[4] Threlkeld, 211 F.3d at 891.

Sun challenges the admission of certain expert testimony. The district court's decision to admit or exclude expert testimony is reviewed for abuse of discretion.[5] We likewise apply the abuse of discretion standard in reviewing the denial of a motion for a new trial.[6] The trial court may only grant a new trial on evidentiary grounds if the verdict clearly is "contrary to the great weight of the evidence."[7] Because the trial court weighs all of the evidence in making its determination, this court gives that determination great deference, and will only find an abuse of discretion if "the party that was the movant in district court makes a clear showing of an absolute absence of evidence to support the jury's verdict . . . ."[8]

A close review of the record on appeal, the briefs, and the arguments of counsel persuades that the district court did not err in denying Sun's motion for judgment as a matter of law. We further conclude that the trial court did not abuse its discretion by admitting the expert testimony of Dr. A. Nelson Avery, as the court correctly determined that Sun's criticisms regarding his testimony went to its weight rather than its admissibility. Finally, our detailed review of the plaintiffs' trial testimony, along with other evidence adduced at trial, discloses some evidence to support the jury's finding that Rosalis and Adame knew that they suffered from a latent, work-related

---

[5] General Electric Co. v. Joiner, 522 U.S. 136 (1997).

[6] Whitehead v. Food Max of Mississippi, Inc., 163 F.3d 265 (5th Cir. 1998).

[7] Id. at 269 (quoting Hidden Oaks Ltd. v. City of Austin, 138 F.3d 1036 (5th Cir. 1998)).

[8] Id. (internal quotation marks and emphasis omitted).

injury prior to August 30, 1994, more than the allotted two-year period for the filing of suit. Therefore, their motion for a new trial properly was denied.

For the foregoing reasons, the judgment as entered by the trial court is AFFIRMED.